## WILLIAM CLARK *vs.* CONNECTICUT RIVER RAILROAD COMPANY.

A replevin bond, the penalty of which is "double the value of the property hereinafter named to be replevied," is invalid, for want of expressing the amount of the penalty; and if the objection be taken at the return term of the action of replevin, that action must be dismissed.

A motion to dismiss an action of replevin, for want of a sufficient replevin bond, is not waived by subsequently, and before this motion has been decided, filing an affidavit of defence and an answer to the merits.

REPLEVIN of eleven bales of rags. The penal sum in the bond taken by the officer who served the writ was expressed only as "the full and just sum of double the value of the property hereinafter named to be replevied, to be ascertained by three disinterested and discreet persons appointed and sworn by the officer, according to the provisions of the revised statutes, chapter 113."

At the return term of the court of common pleas, the defendants moved to dismiss the action, for want of a sufficient bond; and at the same term filed an affidavit of defence; and, at the next term, an answer to the merits, in which they also relied on the want of a sufficient bond. At a subsequent term, *Briggs*, J. overruled the motion to dismiss; and a trial was had, resulting in a verdict for the plaintiff. The defendants alleged exceptions.

*S. T. Spaulding*, for the defendants.

*R. A. Chapman*, for the plaintiff.

SHAW, C. J.* The court are of opinion that the bond was not conformable to the statute, for want of a sum expressed in the penalty; it was not such a bond as the plaintiff in replevin was bound to give or the defendants entitled to receive. The action must therefore be dismissed. *Wolcott* v. *Mead*, 12 Met. 516. *Case* v. *Pettee*, 5 Gray, 27.

It is distinguishable from *Simonds* v. *Parker*, 1 Met. 508, in this; that in that case the motion was made after the action had been in court several terms.

* DEWEY, J. did not sit in this case.

It was also urged, that the defendants, having filed an affida‹ vit of merits and an answer, have waived their exception. But we think otherwise. In the present case, the motion was made at the earliest term. The decision being against them, whether made at the first, or any later term, they were obliged to file their affidavit and answer, to avoid a default under the rules and practice of the court. They could in no other mode obtain the judgment of this court upon their right in matter of law. It was therefore not a waiver. *Cleveland* v. *Welsh*, 4 Mass. 592. *Ames* v. *Winsor*, 19 Pick. 247.

*Exceptions sustained, and case dismissed.*